MARY ALICE HENRY, Respondent, *v.* EDWARD VINTSCHGER and Another, Appellants.

First Department, April 15, 1932.

*Harry A. Gair* of counsel [*Henry G. Fritsche*, attorney], for the appellant Edward Vintschger.

*Rush Taggart* of counsel [*H. Henry Ramm* with him on the brief; *Carter, Ledyard & Milburn*, attorneys], for the appellant Mount Hope Cemetery Association.

*Arthur C. Mandel*, for the respondent.

MERRELL, J. We are of the opinion that the court at Special Term erred in striking out the first separate and complete defense

contained in the answer of the defendant Mount Hope Cemetery Association, and that the court at Special Term likewise erred in striking out the third separate and partial defense alleged in the answer of said defendant, and that the court also erred in striking out the first separate and distinct defense set forth and alleged in the answer of the defendant Vintschger. In our opinion each of said defenses was properly interposed by the respective defendants.

This action is by a widow to recover damages which she alleges she has sustained by reason of the interment by the defendants of the remains of her deceased husband in the cemetery of the defendant Mount Hope Cemetery Association without her consent. In the first separate and complete defense to plaintiff's alleged cause of action contained in the answer of the defendant Mount Hope Cemetery Association the defendant alleges that the decedent left him surviving a mother and a sister as his next of kin, the sister being the wife of the defendant Vintschger; that the remains of the decedent were placed in a receiving tomb or vault of the said defendant cemetery by a firm of undertakers acting on behalf of decedent's said relatives; that under the agreement under which the remains of the decedent were placed in said receiving tomb or vault, it was provided that if, before the expiration of thirty days and on or before March 26, 1931, a plot were purchased in defendant's cemetery, the amount paid on account of the retention charge of the decedent's remains in said tomb or vault would be allowed on account of the purchase price of said plot, but that after said date no such allowance would be made; that the said undertakers informed plaintiff thereof, and also the said other relatives of the decedent, and of the necessity of promptly securing a burial plot and of burying said remains; that the plaintiff, at no time, made any arrangements for such burial, nor expressed any wish or preference, either to said defendant or to the relatives of the decedent, and we think, assuming the truth of the allegations of said defense, as we must, she is now estopped from questioning defendant's right to make the interment. The defendant further alleges in said defense that on or about the 11th day of May, 1931, the mother and sister of the decedent and the defendant Vintschger purchased from said defendant Mount Hope Cemetery Association the use of a plot in said cemetery for burial purposes, and requested and directed said defendant to bury said remains in said plot and to issue a deed therefor to the decedent's said mother; that pursuant to said direction the defendant Mount Hope Cemetery Association removed said remains from said receiving tomb or vault and buried the same in said plot; that in so doing the said defendant acted in

good faith and without malice, and in the belief that it had received full authority from the persons entitled to authorize the burial of said remains.

Moreover, it is a matter of serious doubt whether the plaintiff would be entitled to recover damages even though she could establish a paramount right to the possession of the remains of her deceased husband. Whatever damages she sustained would be in terms of money. Only in cases where a body has been mutilated or destroyed has there been a recovery of money damages. No such situation is presented here. All that was done by the defendants here was the removal, at the direction of decedent's mother, of the remains of her son from the receiving vault in the defendant's cemetery on May 11, 1931, nearly three months after death, and their decent burial in the plot acquired by the mother for that purpose. In our opinion the decedent's next of kin would not be liable in damages to the plaintiff under such circumstances, and the cemetery association making the burial under the direction of the decedent's next of-kin should not be held liable.

In the third defense contained in the answer of said defendant, the facts therein alleged are set up as a separate and partial defense and in mitigation of plaintiff's damages. In said defense the defendant Mount Hope Cemetery Association alleges that on or about September 15, 1931, and again on or about September 18, 1931, said defendant offered to consent to the disinterment and removal of the remains of said decedent from Mount Hope Cemetery upon plaintiff obtaining such other consents as were required by section 89 of the Membership Corporations Law, and, upon information and belief, the said defendant alleges that the decedent's mother and sister and the defendant Vintschger had made similar offers, to consent to such disinterment and removal of said remains. Certainly, this defense was entirely proper and should not have been stricken out from the answer of the said defendant, appellant. Any damages which the plaintiff may recover in the action must be expressed in terms of money. If there has been any injury to plaintiff, it is entirely sentimental, and not pecuniary. The only possible ground upon which plaintiff could complain of the action of the defendants in making interment of her husband's remains is that they were placed in the defendant's cemetery when she would have preferred that they repose in some other place. If such is the desire of plaintiff, then she should have the remains transferred to the place she desires. While the pleadings are silent on the subject, the attorney for the plaintiff claims that it was the plain-

tiff's desire to have her husband's remains buried in a Roman Catholic cemetery whereas the cemetery of the Mount Hope Cemetery Association is non-sectarian. If the plaintiff intends to advance any such ground as damages, then it is quite material for the defendants to show that the remains of plaintiff's husband may be disinterred and removed elsewhere with the consent and acquiescence of the defendants and decedent's next of kin. The offers of the cemetery association and of the next of kin to acquiesce in the disinterment of said remains and their burial elsewhere is certainly an important element on the question of damages. Were such consents not given, the widow, desiring to change the resting place of her husband's remains, would be compelled to apply to the Supreme Court for an order authorizing such removal. If such application should be opposed by the next of kin, it might be extremely difficult, under the decisions of the courts, to obtain the desired order. We are, therefore, of the opinion that the third defense, as a partial defense and in mitigation of damages, was entirely proper and should not have been stricken out.

As to the appeal of the defendant Vintschger from so much of the order as struck out from his answer the separate and distinct defense contained therein, we are of the opinion that the allegations of said defense were material, and, if proven at the trial, would constitute a defense to the action against the defendant Vintschger. Said defendant, in his said separate defense, alleges that the burial of the deceased in the Mount Hope Cemetery was at the request and direction and at the cost of the decedent's mother, all with the knowledge of plaintiff. The said defendant further alleges that the decedent's widow was without means to procure said burial or to arrange for the funeral of the deceased, and that such expense was provided at the instance, request and cost of the decedent's mother.

Section 2211 of the Penal Law (as amd. by Laws of 1925, chap. 275) provides as follows: "Except in the cases in which a right to dissect it is expressly conferred by law, every dead body of a human being, lying within this State, must be decently buried or incinerated within a reasonable time after death." The statute thus requires interment within a reasonable time. The remains of the decedent had remained in the receiving vault of the Mount Hope Cemetery Association from February 26, 1931, until nearly the middle of May, or nearly three months thereafter. Not only does the Penal Law, above quoted, require the burial of a dead body of a human being within a reasonable time, but, in this case, with the approach of warm weather, the necessity for burial became imperative.

The order appealed from, in so far as it strikes out the first

separate and complete defense contained in the answer of the defendant Mount Hope Cemetery Association, and in so far as said order strikes out the third separate and partial defense set forth and alleged in the answer of said defendant, and in so far as said order strikes out the first separate and distinct defense to the complaint set forth and alleged in the separate answer of the defendant Edward Vintschger, should be reversed, with ten dollars costs and disbursements to said defendants, appellants, against the plaintiff, respondent, and plaintiff's motion to strike out said several defenses contained in the answers of the defendants, respectively, should be denied, with ten dollars costs to said defendants against the plaintiff.

FINCH, P. J., McAVOY and SHERMAN, JJ., concur; MARTIN, J., concurs in result.

Order so far as it grants plaintiff's motion to strike out the first separate and distinct defense contained in the answer of defendant Edward Vintschger, and to strike out the first separate and complete defense and the third separate and partial defense contained in the answer of the defendant Mount Hope Cemetery Association, reversed, with ten dollars costs and disbursements to the appellants against the respondent, and the motion in said respects denied, with ten dollars costs. The said order, in all other respects, affirmed.